## (September 8, 1965)

■ In the Matter of JOSEPH J. KUNZEMAN, Appellant, v. JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, Respondents.— In a proceeding under section 330 of the Election Law, to invalidate a petition designating the respondent Frederick M. Reuss, Jr., as a candidate of the Republican party in the primary election to be held September 14, 1965 for the office of Member of the Assembly for the 29th Assembly District, Queens County, and for other related relief, the petitioner appeals from a judgment of the Supreme Court, Queens County, entered September 1, 1965, which dismissed the petition. Judgment affirmed, without costs. Although the petition sheets subscribed by 10 witnesses were questioned and there was proof introduced with respect to them, the signatures on the remaining sheets were more in number than required by law to support the designating petition. Ughetta, Acting P. J., Christ, Brennan and Hill, JJ., concur. Rabin, J., dissents and votes to reverse the judgment and to grant the application, with the following memorandum: In my opinion, the testimony adduced at Special Term clearly established that the election districts in which the subscribing witnesses resided were inserted in the designating petitions subsequent to the date the subscribing witnesses signed the statements (except as to those sheets bearing the date of July 31, 1965 or later). A review of the hearing minutes discloses that at no time did the respondent contend that the election districts in the subject petitions (with the exception stated) were inserted by the subscribing witnesses at the time they signed the petitions or were later inserted by them. The signatures on the sheets bearing the date of July 31, 1965 or a later date total not more than 78 valid signatures. Under the decisional law, the signatures on the petition sheets dated prior to July 31, 1965 were rendered invalid by the insertion of the election districts in the subscribing witnesses' statements after they had signed, since these statements were the equivalent of affidavits (cf. *Matter of Anderson* v. *Power,* 1 A D 2d 603, affd. 1 N Y 2d 868). It is clear that at the hearing the parties proceeded upon the premise that the respondent would not have a sufficient number of signatures if the subject petitions were invalidated. It was the respondents' sole contention, however, that, in any event, the respondent was relieved from complying with the statutory requirements because of the reapportionment changes made this year by the State Legislature; and that was the basis upon which the Special Term rested its decision. It is my opinion that Special Term's reliance upon the reapportionment changes effected by the recent legislation was unwarranted; such changes cannot be deemed to furnish any valid reason to allow the amendment of the subscribing witnesses' statements (*Matter of Lieblich* v. *Cohen,* 286 N. Y. 559).